

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00255-CV

**AMERICAN ZURICH INSURANCE COMPANY**,
Appellant

v.

Mark **CARRERA**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2023CVK000868D1
Honorable Joe Lopez, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori Massey Brissette, Justice
Velia J. Meza, Justice

Delivered and Filed: July 1, 2026

REVERSED AND RENDERED

American Zurich Insurance Company appeals from the district court's judgment reversing the decision of the Texas Department of Insurance, Division of Workers' Compensation on appellee Mark Carrera's claim. American Zurich contends the trial court erred by rendering its judgment based on legally insufficient evidence and by denying American Zurich's affirmative defense that Carrera's suit was time-barred due to untimely service. After reviewing the record

and the parties' briefing, we reverse the district court's judgment and render judgment affirming the decision of the Appeals Panel.

## BACKGROUND

Carrera became injured after falling from a ladder at work. American Zurich, the workers' compensation carrier for Carrera's employer, accepted that Carrera sustained a compensable work-related injury, acknowledging that Carrera suffered a right wrist fracture and a lumbar spine compression fracture. A dispute arose regarding whether the compensable injury extended to additional conditions, including a right hip fracture, a closed head injury, a traumatic brain injury, and hallucinations. The parties also disputed whether Carrera was entitled to lifetime income benefits based on a traumatic brain injury resulting in incurable insanity.

Following a contested hearing, an administrative law judge determined that Carrera's compensable injury did not extend to the additional disputed conditions and that he was not entitled to lifetime income benefits thereon. Carrera requested review from the Workers' Compensation Division's Appeals Panel, which affirmed the administrative law judge's decision. Carrera then appealed to the district court. Following a bench trial in which Carrera represented himself pro se, the district court reversed the Appeals Panel's decision and rendered judgment that Carrera's compensable injury extends to a right hip fracture, a closed head injury, a traumatic brain injury, and hallucinations, and that Carrera is entitled to lifetime income benefits based on a traumatic brain injury resulting in incurable insanity. In its judgment, the district court also denied American Zurich's affirmative defense that Carrera's suit was time-barred due to untimely service and issued findings of fact and conclusions of law supporting its judgment. American Zurich timely appealed.

**LEGAL SUFFICIENCY**

On appeal, American Zurich contends there was legally insufficient evidence that Carrera's compensable injury extended beyond the compensable injury recognized by the Appeals Panel. Specifically, American Zurich argues that in order to show his compensable injury extended to the disputed conditions, Carrera was required to present medical expert testimony. American Zurich asserts the only medical evidence provided at trial was a pair of doctor's letters that, even if admissible, do not constitute probative expert evidence. We agree.

## A. Standard of Review

In conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged findings, crediting any favorable evidence so long as a reasonable factfinder could do the same and disregarding any contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 821–22, 827 (Tex. 2005). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* at 822. We will sustain a legal sufficiency challenge only if (1) the record reveals a complete absence of evidence of a vital fact; (2) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015) (quoting *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 927 & n.3 (Tex.1993)).

## B.  The Necessity of Expert Testimony

As the party appealing the Appeals Panel's decision regarding compensability and eligibility for benefits, Carrera had the burden of proof by a preponderance of the evidence to establish causation between the work-related activity and each injury allegedly sustained. *See* TEX. LABOR CODE § 410.303; *id.* § 401.011(10) (defining "compensable injury"); *State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9, 12 n.6 (Tex. App.—San Antonio 2009, pet. denied) (stating that "determining whether an employee has sustained a compensable injury involves a two-prong test: (1) whether the injury occurred in the course and scope of employment; and (2) whether the injury arose from employment.") (citing TEX. LABOR CODE § 401.011(10)).

Temporal proximity alone cannot support an inference of medical causation. *Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). Generally, expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of laypersons. *Id.* at 665. Likewise, expert witness testimony is generally required in a workers' compensation case "to establish the nature of an injury, whether it is temporary or permanent, and the extent of disability or incapacity resulting from the injury" because these factors are generally considered beyond the knowledge or experience of the layperson. *El Paso Indep. Sch. Dist. v. Portillo*, 661 S.W.3d 512, 534 (Tex. App.—El Paso 2023, pet. denied) (quoting *Region XIX Serv. Ctr. v. Banda*, 343 S.W.3d 480, 487 (Tex. App.—El Paso 2011, pet. denied)).

Here, expert testimony was required to establish that the following alleged injuries are compensable: closed head injury, traumatic brain injury, and hallucinations. *See Ferrer*, 247 S.W.3d at 665; *Portillo*, 661 S.W.3d at 534. Further, expert testimony was required to establish Carrera was entitled to lifetime income benefits based on a traumatic brain injury resulting in incurable insanity. *See Portillo*, 661 S.W.3d at 534. These alleged injuries are all beyond the

knowledge or experience of the layperson. *See Davis v. Swaim*, No. 01-21-00596-CV, 2022 WL 2812064, at *6 (Tex. App.—Houston [1st Dist.] July 19, 2022, no pet.) (mem. op.) (traumatic brain injury); *Williams v. Crawford*, No. 03-16-00696-CV, 2018 WL 1124306, at *4 (Tex. App.—Austin Mar. 2, 2018, no pet.) (mem. op.) (same); *State Office of Risk Mgmt. v. Larkins*, 258 S.W.3d 686, 691 (Tex. App.—Waco 2008, no pet.) (concluding the general experience of laypersons is inadequate "to evaluate the cause of her psychological injuries without expert testimony" following alleged head injury).

Likewise, expert evidence was required to establish that Carrera suffered a compensable right hip fracture caused by his workplace accident, especially given the trial record does not include any X-rays or other medical records showing a right hip fracture. "We cannot conclude that laypersons have the knowledge to understand the intricacies involved" in diagnosing a right hip fracture as opposed to some lesser hip injury "without some guidance from a medical expert." *State Office of Risk Mgmt. v. Adkins*, 347 S.W.3d 394, 401 (Tex. App.—Dallas 2011, no pet.) (concluding evidence of back strain and disc bulges was legally insufficient evidence of compensable injury for disc herniation absent medical expert testimony); *see Portillo*, 661 S.W.3d at 534 (explaining expert witness testimony is generally required "to establish the nature of an injury, whether it is temporary or permanent, and the extent of disability or incapacity resulting from the injury").

## C. Insufficient Evidence was Presented

At trial, Carrerra failed to present any medical expert testimony. Instead, he presented two doctor's letters and testimony from his family members. We agree with American Zurich that this was legally insufficient evidence that Carrera's compensable injury extended beyond the compensable injury recognized by the Appeals Panel.

*1. Right Hip Fracture*

Neither of Carrera's doctor's letters mention a hip injury. The only trial evidence regarding his alleged hip injury was the layperson testimony that he had an "infection" in his hip and he complained about his hip following the workplace accident. "It is not enough" for Carrera "to simply provide evidence that he suffered from" a hip injury generally. *Menchaca v. Ins. Co. of the State of Pennsylvania*, No. 01-18-01122-CV, 2020 WL 6435775, at *9 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, pet. denied) (concluding medical records merely describing wrist and neck injuries constituted no evidence of causation). He must show his workplace accident was the "producing cause" of his alleged right hip injury, and he must present evidence showing the specific nature of his right hip injury. *Id.*; *see Portillo*, 661 S.W.3d at 534. Because no evidence established that he fractured his right hip, much less that his workplace accident caused a hip fracture, there was legally insufficient evidence to support the trial court's conclusion that his compensable injury extended to a right hip fracture. *See Keller*, 168 S.W.3d at 821–22; *Suarez*, 465 S.W.3d at 634.

*2. Closed Head Injury, Traumatic Brain Injury, Hallucinations, and Incurable Insanity*

Carrera failed to present required expert testimony showing his compensable injury extended to a closed head injury, a traumatic brain injury, and hallucinations. Further, he failed to demonstrate his entitlement to lifetime benefits based on a traumatic brain injury resulting in incurable insanity. *See Ferrer*, 247 S.W.3d at 665; *Portillo*, 661 S.W.3d at 534; *Swaim*, 2022 WL 2812064, at *6; *Crawford*, 2018 WL 1124306, at *4; *Larkins*, 258 S.W.3d at 691. The two doctor's letters admitted at trial cannot constitute the expert evidence required for at least two reasons.

First, the doctor's letters are inadmissible hearsay. Both letters were offered to prove the truth of the matter asserted and do not fall under any hearsay exception. *See* TEX. R. EVID. 801.

They were not made for medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). Instead, the letters, both written by Carrera's doctor and addressed "to whom it may concern," are on their face attempts to convey an opinion to an outside interested source, which "does not satisfy the requirements to be admissible as a business record." *Hazelip v. Am. Cas. Co. of Reading, PA*, No. 01-09-00659-CV, 2012 WL 2453716, at *3 (Tex. App.—Houston [1st Dist.] June 28, 2012, pet. denied); *see Univ. of Tex. Sys. v. Bartek*, No. 05-20-00525-CV, 2022 WL 17986015, at *9 (Tex. App.—Dallas Dec. 29, 2022, no pet.) (stating "letters written for the purpose of advising as to a doctor's findings on examination and evaluation of a patient are hearsay") (citing *Rollins v. Texas Coll.*, 515 S.W.3d 364, 368 (Tex. App.—Tyler 2016, pet denied)); *Tex. Employer's Ins. Ass'n v. Sauceda*, 636 S.W.2d 494, 499 (Tex. App.—San Antonio 1982, no writ).

Second, even if the letters were admissible, they are not probative evidence of causation here. *See Menchaca*, 2020 WL 6435775, at *9 (concluding medical records merely describing injuries contained no evidence of causation). An expert's opinion must rest in reasonable medical probability to constitute evidence of causation. *Abilene Indep. Sch. Dist. v. Marks*, 261 S.W.3d 262, 273 (Tex. App.—Eastland 2008, no pet.). First, the letter admitted as Exhibit 2 makes no mention of causation or even Carrera's workplace accident, merely asserting that Carrera has a traumatic brain injury and associated symptoms. While the letter admitted as Exhibit 1 offers a conclusory statement that Carrera suffered a traumatic brain injury at work, it does not address Carrera's alleged hallucinations or incurable insanity, much less provide an opinion on the reasonable medical probability that his workplace injury caused such symptoms. Further, the letter relies on Carrera's own statements about how his injury occurred, expressing uncertainty about the mechanism of injury and providing no meaningful explanation for how Carrera's workplace accident caused a traumatic brain injury resulting in all the listed symptoms. As such, the doctor's

opinion on causation thus does not rest in reasonable medical probability and raises no more than a possibility that Carrera's workplace injury caused a traumatic brain injury, which is "no evidence" of causation. *See Marks*, 261 S.W.3d at 273; *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 118 (Tex. App.—Dallas 2009, pet. denied); *see also Windrum v. Kareh*, 581 S.W.3d 761, 768 (Tex. 2019); *Jelinek v. Casas*, 328 S.W.3d 526, 536 (Tex. 2010) (noting conclusory statements are not probative evidence of causation) (quotations omitted).

Furthermore, neither letter establishes whether Carrera's doctor is qualified to opine on causation here. "Not every licensed doctor is automatically qualified to testify on every medical question." *Adkins*, 347 S.W.3d at 402. The letters do not establish that Carrera's doctor has the requisite "knowledge, skill, experience, training, or education regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject." *Id.* (quoting *Broders v. Heise*, 924 S.W.2d 148, 153–54 (Tex.1996)). For this additional reason, the letters are legally insufficient to support the conclusion that Carrera's compensable injury extended beyond the compensable injury recognized by the Appeals Panel. *See id.*

We conclude the evidence was legally insufficient to support the trial court's judgment that Carrera's compensable injury extended to a right hip fracture, a closed head injury, a traumatic brain injury, and hallucinations, and that Carrera was entitled to lifetime income benefits based on a traumatic brain injury resulting in incurable insanity. *See Keller*, 168 S.W.3d at 821–22; *Suarez*, 465 S.W.3d at 634.

**CONCLUSION**

Based on the foregoing, we reverse the district court's judgment and render judgment affirming the decision of the Appeals Panel.[1]

Lori Massey Brissette, Justice

---

[1] Because we conclude the evidence was legally insufficient to support the district court's judgment, we need not decide whether the trial court also erred by denying American Zurich's affirmative defense that Carrera's suit was time-barred due to untimely service. *See* TEX. R. APP. P. 47.1. We note that the service deadline is mandatory but not jurisdictional. *Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 291 (Tex. 2019); *see also Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) ("Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities.").